IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAFAEL J. PETITPHAIT,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER CHRISTENSEN #1632, OFFICER WILLIAMSON #1635, and OMAHA POLICE DEPARTMENT,<br><br>Defendants. | 8:19CV115<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

This is Plaintiff's third attempt[1] to bring a 42 U.S.C. § 1983 action against the Omaha Police Department and two of its officers stemming from Plaintiff's arrest on June 6, 2006. (Filing 1.) Plaintiff's first case was dismissed without prejudice on April 6, 2012, for failure to state a claim upon which relief can be granted. (Case No. 8:12CV45, Filings 8, 9.) Plaintiff's second case was dismissed without prejudice on the same basis. (Case No. 8:18CV179, Filings 8, 9.) In the case now before the court, Plaintiff describes the same factual scenario that was at issue in his prior cases, but he adds to his 42 U.S.C. § 1983 claim state-law causes of action for intentional and negligent infliction of emotional distress.

---

[1] *See Petitphait v. Officer Christensen*, No. 8:18CV179 (D. Neb.) and *Petitphait v. Jeremy Christensen*, No. 8:12CV45 (D. Neb.).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The length of the statute of limitations for a § 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nebraska, § 1983 actions are subject to a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 (Westlaw 2020) ("The following actions can only be brought within four years: . . . (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not

hereinafter enumerated . . . ."). Because Plaintiff's purported civil rights claims accrued more than four years prior to the filing of this lawsuit, they are barred by the statute of limitations[2] and must be dismissed with prejudice.[3] *See, e.g.*, *Johnson v. Mott*, 376 F. App'x 641 (8th Cir. 2010) (unpublished) (§ 1983 claim that was barred by the applicable statute of limitations was properly dismissed with prejudice under Fed. R. Civ. P. 12(b)(6)); *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (affirming dismissal with prejudice because complaint showed statute of limitations had run).

Plaintiff's state-law claims can only be litigated in this action through exercise of the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). However, the court declines to exercise supplemental jurisdiction in this case because Plaintiff's federal claims will be dismissed without leave to amend. *See* 28 U.S.C. § 1367(c)(3) (authorizing district court to decline supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1045 (8th Cir. 2014) ("After the § 1983 claims were dismissed, the district court

---

[2] "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citations omitted).

[3] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims.").

## IV. CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 are barred by the statute of limitations, and the court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. The court will not grant Plaintiff leave to amend because amendment would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's 42 U.S.C. § 1983 claims are dismissed with prejudice as barred by the applicable statute of limitations, and Plaintiff's state-law claims are dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 15th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge